UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

XAVIER HENRY,

    Plaintiff,

v.                                     Case No. 2:15-cv-197
                                          HON. GORDON J. QUIST

UNKNOWN BERGERON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Xaxier Henry, a prisoner confined in the Alger Correctional Facility filed a "Declaration in Support of Motion for a Temporary Restraining Order and Preliminary Injunction" (ECF No. 83). Plaintiff's complaint against Defendants Bergeron, Johnson, Rosebrock, and Seames asserts claims under the First Amendment, Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Only Plaintiff's Eighth Amendment claim for missing twenty-four consecutive meals which allegedly caused Plaintiff to experience weight loss and to experience mental and emotional injuries remains in this case. (ECF No. 55, granting Plaintiff's motion for reconsideration only on his Eighth Amendment claim and denying the motion on all other claims).

Plaintiff's Eighth Amendment claim is against Defendants Bergeron, Johnson, and Rosebrock for refusing to bring meals to his cell. Plaintiff complained that he could not enter the dinning hall after his prison issued pants had been previously confiscated. Plaintiff asserts that he could only enter the dinning hall wearing state issued pants. Plaintiff's First Amendment, RLUIPA, and conspiracy claims were dismissed by this court. Plaintiff's claims regarding the denial of his right to exercise his religious beliefs because Defendant Seames enforced the clothing rule regarding the length of a prisoner's pant leg, were dismissed by this Court.

Plaintiff alleges that while housed at the Chippewa Correctional Facility, the prison enforced an MDOC rule that requires prisoners to have uniform pant lengths. Plaintiff alleges that this

forces him to wear his pants below his ankles in violation of his Muslim beliefs. Plaintiff requests injunctive relief requiring Defendants to cease with this unconstitutional policy.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). In the opinion of the undersigned, Plaintiff has not shown a strong or substantial likelihood of success on the merits of his

claims.  The Court has already dismissed Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act and his First Amendment claims.  The only remaining claim is for a violation of the Eighth Amendment due to the failure to deliver meals to Plaintiff's cell when Plaintiff believed that he could not enter the dining hall after his state issued pants were confiscated.  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a injunctive relief (ECF No. 83) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  February 23, 2017               /s/ Timothy P. Greeley
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE