UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

XAVIER HENRY #674132,

    Plaintiff,

v.                                      Case No. 2:15-cv-197
                                       HON. GORDON J. QUIST
UNKNOWN BERGERON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Xavier Henry pursuant to 42 U.S.C. § 1983, against Defendants Bergeron, Johnson, and Rosebrock. On June 23, 2016, Judge Edgar granted Defendants' motion for summary judgment. (ECF No. 37.) The case was subsequently reassigned pursuant to Western District of Michigan Administrative Order 16-CA-67, and Plaintiff filed a motion for reconsideration. The Court denied Plaintiff's motion for reconsideration on all claims except the Eighth Amendment claim. (ECF No. 55.) Defendants have now moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 137.) Plaintiff has responded. (ECF No. 149.) This matter is ready for decision.

On April 21, 2014, Officer Seames instructed Defendant Bergeron to confiscate Plaintiff's state-issued pants because they were altered, and therefore contraband pursuant to MDOC policy. Plaintiff disputes whether his pants were altered, and claims that they were only rolled up, and therefore not contraband. Nonetheless, Defendant Bergeron confiscated Plaintiff's state-issued pants. Plaintiff subsequently sent a quarter master kite requesting new pants, which

was received on April 25, 2014.  In accordance with MDOC policy, Plaintiff received new state-issued pants within five days of his request—on April 30, 2014.

MDOC policy requires inmates to wear state-issued clothing to eat in the dining hall.  Thus, during the time he did not have any state-issued pants, Plaintiff alleges that he missed twenty-four consecutive meals.  Although Plaintiff may have been able to go to the dining hall in his state-issued shorts, he claims that his shorts were torn.  Plaintiff apparently attempted to go to the dining hall in his green sweatpants; however, he was sent back to his housing unit by a corrections officer named "Sharpenny."  Plaintiff also alleges that he informed Defendants Bergeron, Johnson, and Rosebrock of the situation and requested to have his meal trays sent to his cell, but each Defendant refused Plaintiff's request.  Instead of eating meals, Plaintiff was forced to eat ramen noodle soup or pay other inmates to bring him food from the dining hall.  Plaintiff claims that the missed meals caused him to lose weight and experience emotional and mental health injuries.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a

summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones*, Inc., 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); cf. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants assert that they are entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

"[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x. 509, 513 (6th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The Constitution "does not mandate comfortable prisons," however. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 960, 954 (6th Cir. 1987).

Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x. 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x. 448, 456 (6th Cir. 2011) (same); *see also Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim).

An Eighth Amendment conditions of confinement claim contains both an objective and a subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer*, 511 U.S. at 834; *Seiter*, 501 U.S. at 298-99 (observing that most successful Eighth Amendment claims involve the deprivation of an identifiable human need in combination with other serious problems).

Defendants argue that are entitled to summary judgment because it was Plaintiff's decision to not go to the dining hall during meal times. Defendants contend that Plaintiff could have gone to the dining hall in his state-issued shorts. However, Plaintiff states that his shorts were unwearable because they were torn. Defendants also contend that Plaintiff could have gone to the dining hall in his sweatpants, as he did for food tech courses, Islamic services, and medical appointments. Defendants further state that "[i]t is undisputed that Plaintiff was never denied access to the dining hall during the time in question. His testimony is very clear, that he simply refused to go to the dining hall." (ECF No. 138, PageID.614.) To support this assertion, Defendants rely on page 30 of Plaintiff's deposition transcript. However, Plaintiff alleges that he attempted to enter the dining hall wearing his green sweatpants, but a corrections officer sent him back to his housing unit. Plaintiff further contends that Defendants omitted the portion of the deposition transcript in which he testified that he attempted to go to the dining hall. He believes that the relevant testimony would likely be found on pages 31, 32, 35, and 36 of the deposition transcript. Defendants do not address this assertion. Therefore, in the opinion of the undersigned, there is a question of fact as to whether Plaintiff could have gone to the dining hall for meals

without his state-issued pants and whether Plaintiff was denied entry into the dining hall wearing his sweatpants.

In addition, Defendants argue that they did not have a sufficiently culpable state of mind because they were not aware that Plaintiff was missing meals. In affidavits, each Defendant states that Plaintiff never asked for his meal tray to be delivered to his cell and Plaintiff never informed Defendants that he was missing meals. (ECF No. 138-2.) However, Plaintiff maintains that he told each Defendant that he was starving and requested a meal tray to be delivered to his cell. Therefore, in the opinion of the undersigned, there is a question of fact as to whether Plaintiff informed each Defendant of the missed meals and whether Defendants had a sufficiently culpable state of mind.

The undersigned also notes that Plaintiff discloses in his declaration that he obtained food by going to the "bis yard" to pick up ramen noodle soup from other prisoners and that he paid "someone to bring [him] food from the dining hall." (ECF No. 160-1, PageID.719.) Thus, it appears that Plaintiff was not completely deprived of food during the eight-day span. However, Defendants did not file a reply brief and failed to address this issue. Therefore, the undersigned finds that there is a question of fact as to whether Plaintiff was actually deprived of twenty-four consecutive meals over eight days.

Next, the undersigned must determine whether Defendants' conduct violated clearly established law. It is clearly established that "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment." *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977). In this case, there are factual disputes as to whether Plaintiff attempted or could have entered the dining hall for meals, what each Defendant knew regarding Plaintiff's missed meals, and what Plaintiff was able to eat during the eight day span. Defendants'

qualified immunity defense turns on these factual determinations.  "[I]f genuine issues of material fact exist as to whether the officer committed acts that would violate a clearly established right, then summary judgment is improper." *Bletz v. Gribble*, 641 F.3d 743, 749 (6th Cir. 2011).  At this point, the undersigned cannot determine whether Defendants violated Plaintiff's clearly-established rights.

Accordingly, it is recommended that Defendants' motion for summary judgment (ECF No. 137) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  January 30, 2018

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE