UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

XAVIER HENRY,

    Plaintiff,

v.                                                   Case No. 2:15-CV-197

UNKNOWN BERGERON, et al.,               HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

State prisoner Xavier Henry filed a civil rights action under 42 U.S.C. § 1983 against Defendants Bergeron, Johnson, and Rosebrock. Defendants filed a motion for summary judgment on Henry's one surviving claim—his Eighth Amendment claim. (ECF No. 55.) Henry responded. (ECF No. 149.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court deny Defendants' motion. (ECF No. 166.) Defendants objected (ECF No. 167), and Henry responded to their objection. (ECF No. 169.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Defendants' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R found that there was a genuine question of material fact regarding whether Henry asked the Defendants for access to the dining hall, whether he told the Defendants that he was starving and requested food delivery, whether Henry's state-issued shorts were torn, and whether Henry could have gone to the dining hall in sweatpants or whether he was denied entry. Accordingly, the R & R concluded that these factual disputes were enough for Henry's claim to survive, to call into question whether the Defendants would be entitled to qualified immunity, and, therefore, to defeat a motion for summary judgment. (ECF No. 166 at PageID.754–55.)

Defendants argue that the R & R was incorrect, in that Henry admitted in his deposition that he did not request anyone to waive the pants requirement to go to the dining hall. Defendants cite page 35 of Henry's deposition. (ECF No. 167 at PageID.757.) As the R & R noted, Defendants have only submitted excerpts of Henry's deposition to the Court. (*See* ECF No. 37-3.) Page 35 was not included among the excerpts. Defendant's own characterization of the missing pages carries no weight.

Page 26 is included in the deposition excerpts. On page 26, Henry specifically states that he told Bergeron, Johnson, and Rosebrock that "without these [pants] . . . I can't go to the chow hall in my sweatpants . . . I told [Johnson], I said, can you check for some pants for me so I could go to chow hall or can you order me a tray [of food]?" (ECF No. 138-3 at PageID.640.) Henry's deposition testimony claims that he told the guards he could not go to the dining hall in his sweatpants, asked for new pants, and asked for a tray of food. Other available parts of the deposition support Henry's argument and recounting of Henry's version of the facts.

Defendants also argue that Henry did not miss 24 consecutive meals because he admitted in his complaint that he was able to buy ramen noodles and paid someone to bring him food from the dining hall. This does not resolve a material question underlying Henry's claim, *i.e.*, whether

the food he was able to obtain "was sufficient to maintain normal health." *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982.)

There is a genuine issue of material fact given the differences between Henry's and Defendants' characterization of the events, and therefore the R & R will be approved.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 166) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Defendants' Objections are **OVERRULED**. (ECF No. 167.)

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**. (ECF No. 137.)


Dated: March 9, 2018　　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE